IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLLS KILL, INC., <br>     Plaintiff, <br> v. <br> REBELSMARKET, INC., <br>     Defendant. | Case No. 24-cv-02818-MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Before the Court is plaintiff Dolls Kill, Inc.'s Motion for Default Judgment, filed February 21, 2025. No opposition has been filed. Having read and considered the papers filed in support of the motion, the Court rules as follows.[1]

The Clerk having entered the default of defendant RebelsMarket, Inc., defendant is deemed to have admitted (1) infringing thirty of plaintiff's copyrighted works (see Complaint ¶ 9 (identifying ten registrations held by plaintiff, protecting numerous photographs and graphics), ¶¶ 12-25 (showing pictures of defendant's use of thirty different photographs and graphics, each protected by one of plaintiff's copyright registrations)), which works defendant used on its website for the purpose of advertising "knock-off products" (see Compl. ¶ 12), and (2) engaging in said infringement willfully (see Compl. ¶¶ 26, 29, 37-38); Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir.1977) (holding allegations in complaint other than those relating to the amount of damages are, upon entry of default, "taken as true"). As relief, plaintiff seeks an award of statutory damages, a permanent injunction, and a finding that it is entitled to seek an

---

[1] By order filed March 24, 2025, the Court took the matter under submission.

award of full costs and reasonable attorney's fees.

For the reasons stated by plaintiff (see Pl.'s Mot. at 5:14-8:27), each of the factors set forth in Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986), to the extent relevant to the above-titled action,[2] weigh in favor of granting plaintiff's motion. Accordingly, the Court next considers in turn each form of relief plaintiff seeks.

First, the Copyright Act provides that a court may issue "an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just," see 17 U.S.C. § 504(c)(1), which award, where willful infringement is shown, can be increased "to a sum of not more than $150,000," see 17 U.S.C. § 504(c)(2). Here, plaintiff, without elaboration, requests an award of $4,500,000, in other words, the maximum possible recovery.

Although the plaintiff in a copyright infringement case "is entitled to damages that will serve as a deterrent, it is not entitled a windfall." See Adobe Systems, Inc. v. Tilley, 2010 WL 309429, at *5 (N.D. Cal. Jan. 19, 2010). In cases with facts similar to those presented in the instant case, namely, an infringer who used the plaintiff's copyrighted works to advertise products that looked like those of the plaintiff, courts have found a statutory damages award of $50,000 for each work willfully infringed sufficed to deter future infringement. See, e.g., Miche Bag, LLC v. Ayers, 2010 WL 5141662, at *3, *5 (D. S.C. September 22, 2010) (awarding statutory damages of $50,000 per infringed work where defendant used plaintiff's copyrighted photographs to sell goods "similar" to those of plaintiff), adopted, 2010 WL 5139840 (December 8, 2010); Bump Babies, Inc. v. Baby the Bump, Inc., 2012 WL 12964321, at *5 (C.D. Cal. August 1, 2012) (awarding statutory damages of $50,000 where defendant infringed plaintiff's copyrighted work in connection

---

[2] In Eitel, the defendant had appeared, by filing an answer and counterclaim after entry of default, had "disputed material facts in the pleadings," and had failed to timely appear due to "excusable neglect," see id., circumstances entirely absent in the instant case.

with sale of "numerous [products] that remarkably resembled [p]laintiff's designs"). The Court finds such sum likewise is appropriate in the instant case, resulting in a total statutory damages award of $1,500,000 ($50,000 x 30).

Next, the Copyright Act provides that a court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." See 17 U.S.C. § 502. Here, plaintiff, in its proposed judgment, requests the Court enjoin defendant from infringing the works comprising the twelve registrations identified in the Complaint (see Pl.'s Proposed Judgment by Default [Doc. No. 33-2] at 3:6-10), which proposed relief the Court finds appropriate.

Lastly, pursuant to § 505 of the Copyright Act, a court "may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." See 17 U.S.C. § 505. Here, plaintiff seeks a finding that it is entitled to claim, by a motion to be filed after the judgment is entered, its full costs and a reasonable attorney's fee. Courts "may not," however, "award attorney's fees as a matter of course" under § 505, and plaintiff has not submitted any argument as to why it should be entitled to an award thereunder. See Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197, 202 (2016) (internal quotation, citation, and alteration omitted) (holding district court, under § 505, "must make a more particularized, case-by-case assessment"). Under such circumstances, plaintiff's request for a finding that it is entitled to an award of its full costs and a reasonable attorney's fee will be denied without prejudice to plaintiff's making a showing as to its entitlement in a motion to be filed after entry of judgment. See Fed. R. Civ. P. 54(d)(2) (providing "claim for attorney's fees and related non-taxable costs" shall be "filed no later than 14 days after the entry of judgment").

**CONCLUSION**

For the reasons stated above, plaintiff's motion for default judgment is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent plaintiff seeks an award of statutory damages, the motion is

1  GRANTED in part; specifically, plaintiffs shall have judgment in its favor and against
2  defendant in the amount of $1,500,000.
3      2. To the extent plaintiff seeks an injunction precluding defendant from further
4  infringing the works covered by the twelve registrations identified in the Complaint, the
5  motion is GRANTED, and defendant is ENJOINED from engaging in further infringement
6  of the photographs and graphics listed in U.S. Copyright Registration Nos.
7  VA0002364598, VA0002364605, VA0002295739, VA0002295891, VA0002295916,
8  VA0002300641, VA0002283011, VA0002319812, VA0002350942, VA0002362176,
9  VA0002303093, and VA0002298765.
10     3. To the extent plaintiff seeks a finding that it is entitled to recover its full costs
11 and a reasonable attorney's fee, the motion is DENIED, without prejudice.
12 **IT IS SO ORDERED.**

Dated: April 3, 2024

_____
MAXINE M. CHESNEY
United States District Judge